UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

David Earl Wattleton,

        Plaintiff,

v.

Stephen F. Simon, Bradley K. Anderson, and
State of Minnesota, Election Administrator of
Secretary,

        Defendants.

Case No. 16-cv-2707 (JNE/SER)

**REPORT AND RECOMMENDATION**

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Defendants Stephen F. Simon, Bradley K. Anderson, and Gary Poser's[1] (collectively, the "Defendants") Motion to Dismiss Complaint ("Motion to Dismiss") [Doc. No. 8]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and District of Minnesota Local Rule 72.1 for a Report and Recommendation. For the reasons stated below, the Court recommends that Defendants' Motion to Dismiss be granted and this case be dismissed without prejudice.

---

[1] Plaintiff David Earl Wattleton ("Wattleton") named "State of Minnesota, Election Administrator of Secretary" in its official capacity as the third named defendant. *See* (Compl.) [Doc. No. 1 at 1]. Defendants believe that Wattleton intended to name the "Deputy Secretary of State for Elections, who is the Secretary's chief election administrator" as a defendant in this case held by Gary Poser. (Defs.' Mem. in Supp. of Mot. to Dismiss, "Mem. in Supp.") [Doc. No. 9 at 1 n.1]. Wattleton does not object to this interpretation of his Complaint. *See* (Pl.'s Resp. to Defs.' Mot. to Dismiss., "Resp.") [Doc. No. 14]. Because the Court must construe Wattleton's submissions liberally, the Court finds Defendants' interpretation to be reasonable and adopts it for the purposes of this Report and Recommendation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (instructing courts to construe pro se submissions liberally).

## I.   BACKGROUND

Wattleton filed this action on August 11, 2016, alleging that Defendants "violated his constitutional rights by wrongfully failing to provide [him] with a voter registration form to cast an absentee ballot to vote in the federal primary and general election for president." (Compl. at 1). Specifically, Wattleton asserts that Defendants "operating through the Olmstead County Elections Administrator" deprived him of his right to vote by finding him ineligible to vote and preventing him from obtaining the proper forms. *See* (*id.* at 1–2); *see also* (Ex., "Eligibility Letter") [Doc. No. 2 at 1–3] (letter from Olmstead County officials to Wattleton).[2] While not specifically mentioned in his Complaint, Wattleton appears to seek injunctive relief for these alleged constitutional violations. *See generally* (Compl.).

Defendants filed their Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* (Mem. in Supp. at 3–4, 8–9). In support, Defendants assert they were first made aware of the factual underpinnings of Wattleton's lawsuit upon being served. *See* (*id.* at 7) ("[U]ntil they were served with process in this suit, Defendants did not know that Wattleton desired a voter registration form or an absentee ballot application form."); (Exs., Attached to Meet-and-Confer Statement) [Doc. No. 10-1 at 1] (Letter from Nathan J. Hartshorn, Esq., ("Hartshorn") to Wattleton);[3] *see also* (Mem. in Supp. at 8) (stating that "county election officials in Minnesota are not supervised by the Secretary of State or his Office"). Once served, Defendants provided Wattleton with the forms that he sought from Olmstead County officials. *See* (Mem. in Supp. at 7–8); (Exs., Attached to Meet-and-Confer Statement at 3–6). As a result, Defendants argue that Wattleton's claimed for relief has been provided and his claims

---

[2]   When referencing the Exhibit, CM/ECF pagination is used.
[3]   Hartshorn is an attorney of record for Defendants. When referencing Exhibits attached to the Meet-and-Confer Statement [Doc. No. 10], CM/ECF pagination is used.

are moot. (Mem. in Supp. at 7). Defendants also assert that the Eleventh Amendment bars Wattleton's claims and Wattleton's Complaint generally fails to state a claim for which relief can be granted. *See* (*id.* at 5–6, 8–9).

In response, Wattleton provides some clarity with respect to his Complaint, although he raises new factual allegations in so doing. First, Wattleton now asserts Defendants are likely to prevent him from registering "unless he is permitted to register without submitting any form of identification," which he believes would be in violation of "Minnesota Statutes § 201.054, subdivision 1(1)–(3)." *See* (Resp. at 1); *see also* (*id.* at 2) (stating there "is [an] indication [Defendants] will prevent him from registering to vote in the future").[4] Second, Wattleton seeks "Declaratory and Injunctive relief" as a "remedy [for] his inability to vote in future federal elections." *See* (*id.* at 1). In support of his claims for declaratory and injunctive relief, Wattleton alleges that Defendants' conduct violates 52 U.S.C. § 20510.[5] *See* (*id.*).

Defendants argue that Wattleton's Response did not rebut Defendants' arguments made in support of their motion. *See* (Defs.' Reply Mem. in Supp. of Mot. to Dismiss, "Reply") [Doc. No. 15 at 1–2]. Defendants also argue that Wattleton's inclusion of new factual allegations in his Response is improper because he is prohibited from amending his Complaint vis-à-vis the briefing of the issues. *See* (*id.* at 2). Furthermore, even if Wattleton were allowed to amend his Complaint in this fashion, Defendants argue that Wattleton's arguments are based on a misunderstanding of Minnesota law. *See* (*id.*). Namely, Defendants argue identification is not a perquisite to register to vote as Wattleton asserts. *See* (*id.* at 2–4). Lastly, Defendants argue that Wattleton's reliance on 52 U.S.C. § 20510 is misguided and does not provide jurisdiction over

---

[4] When referencing Wattleton's Response, CM/ECF pagination is used.
[5] 52 U.S.C. §§ 20501–20511 generally pertain to State requirements incident to the administration of voter registration for federal elections. *See* 52 U.S.C. § 20507.

Wattleton's claims. *See* (*id.* at 4–5). Specifically, Defendants assert that 52 U.S.C. § 20510 "pertains to voting accessibility for the elderly and handicapped" and to the extent that 52 U.S.C. § 20510 includes a notice requirement for voter eligibility under the National Voter Registration Act of 1993 ("NVRA"), the NVRA provides exemptions for states that allows "voters to register at the polling place on [an] election day." *See* (*id.* at 4–5) (citing 52 U.S.C. § 20503(b)). Defendants aver that Minnesota provides for registration on an election day. *See* (*id.* at 5) (citing Minn. Stat. § 201.061, subdiv. 3).

## II.   DISCUSSION

Defendants argue that Wattleton's Complaint should be dismissed under Rule 12(b)(1) for lack of subject jurisdiction and 12(b)(6) for failure to state a claim for which relief can be grated. *See generally* (Mem. in Supp.). Based on the submissions and the record before the Court, this Court concludes that Wattleton's claims are moot and the Court lacks subject matter jurisdiction to hear this case. Accordingly, this Court recommends that Wattleton's case be dismissed. Based on this recommendation, this Court does not provide alternative analysis regarding whether Wattleton's Complaint facially states a claim for relief.

### A.   Legal Standard

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (internal quotation marks omitted); *see also* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Haden v. Pelofksy*, 212 F.3d 466, 469 (8th Cir. 2000) (omission in original) (internal quotation marks omitted); *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797

4

(8th Cir. 1999) ("A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action.").

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993).

### B.   Analysis

As an initial matter, Wattleton's attempt to incorporate new allegations in his Complaint by way of his Reply to Defendants' Motion for Summary Judgment is procedurally improper. *See, e.g.*, *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (stating "a complaint may not be amended by the briefs in opposition to a motion to dismiss" (internal quotation marks omitted)); *Alexander v. Hedback*, No. 11-cv-3590 (ADM/JSM), 2012 WL 2004103, at *5 (D. Minn. June 5, 2012) (Montgomery, J.) ("Parties cannot raise new causes of action in their briefing of issues."); *Bohner v. LHR, Inc*, No. 10-cv-4621 (DWF/LIB), 2012 WL 6755275, at *8 (D. Minn. Dec. 10, 2012) (Brisbois, Mag. J.) ("A memorandum is not the appropriate place to attempt to amend a pleading to raise a new claim." (internal quotation marks omitted)), *adopted by* 2013 WL 25073 (Jan. 2, 2013) (Frank, J.). The proper manner in which to raise new claims is to amend the complaint. *See* Fed. R. Civ. P. 15. Here, Wattleton never requested leave to amend his Complaint. While the Court must construe Wattleton's pleadings and motions liberally, his pro se status does not excuse him from complying with the Federal Rules of Civil Procedure. *See, e.g., Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).

As a result, the Court need only consider Wattleton's Complaint in light of Defendants' Motion to Dismiss. *See Morgan Distrib. Co.*, 868 F.2d at 995. Construing Wattleton's Complaint

liberally, the Court concludes that Wattleton's Complaint reasonably challenges the alleged deprivation of registration and absentee ballot forms.[6] *See* (Compl. at 1) (alleging his constitutional rights were violated when he was denied "a voter registration form to cast an absentee ballot"). Consequently, the only question before the Court is whether Wattleton's claims for relief on the basis of his alleged deprivation of voter registration and absentee ballot forms survives Defendants' Motion to Dismiss.

Defendants assert that factual circumstances have rendered Wattleton's Complaint moot. *See* (Mem. in Supp. at 7–8). Specifically, they assert that they have provided him with the voter registration and absentee ballot forms that he seeks. *See* (*id.*); (Exs., Attached to Meet-and-Confer Statement at 3–6). Where Defendants challenge the factual basis for subject-matter jurisdiction, the Court may review matters outside the pleadings in an effort "to resolve fact issues in determining its jurisdiction." *McClain v. Am. Economy Ins. Co.*, 424 F.3d 728, 734 (8th Cir. 2005).

Based on the parties' submissions, including exhibits outside the pleadings, it is undisputed that Wattleton received the forms at issue in his Complaint. *See* (Exs., Attached to Meet-and-Confer Statement at 3–6); *see also* (Compl.); (Mem. in Supp. at 7–8); (Reply) (asking the Court to allow him to submit his voter registration form "without submitting any form of identification"). Under these circumstances, Wattleton's Complaint is moot. *Haden*, 212 F.3d at 469. Nevertheless, exceptions exist to the mootness doctrine allowing courts to hear moot cases under narrow circumstances. *See, e.g.*, *Iowa Prot. & Advocacy Servs. v. Tanager, Inc.*, 427 F.3d

---

[6] As will be discussed below, Minnesota counties have independent statutory authority to process voter registration forms. *See* Minn. Stat §§ 201.061, 203B.04. It is Olmstead County's conduct that is the subject of this Complaint, but Wattleton named officials in the Secretary of State's Office as the defendants in this lawsuit. *See* (Compl.). Nevertheless—in its discretion—the Secretary of State's Office, and not Olmstead County, provided the forms to Wattleton. *See* (Exs., Attached to Meet-and-Confer Statement at 3–6); (Mem. in Supp. at 7–8).

541, 543–44 (8th Cir. 2005) (discussing exceptions to the mootness doctrine); *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) ("We will not dismiss a petition as moot if (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." (internal quotation marks omitted)). None of the exceptions apply.

The exception under which the Defendants' voluntary cessation of alleged wrongful conduct deprives the court of subject matter jurisdiction does not apply. First, Defendants actions arguably cannot be construed as "voluntary cessation of alleged wrongful conduct." For example, Wattleton's allegations in his Complaint are premised on conduct of Olmstead County—which is not a named defendant in this case. *See* (Compl.).[7] Also, importantly, Olmstead County is not under the supervisory authority of the Defendants. *See* Minn. Stat §§ 201.061, 203B.04 (establishing a county's independent statutory authority to process voter registration and absentee ballot forms); *see also* (Mem. in Supp. at 8) (stating Defendants were not aware of the alleged wrongful conduct until being served with the Complaint). In other words, the alleged conduct that was mitigated by the voluntary actions of the Defendants was the conduct of a party that is not a defendant in this case. Second, a defendant's conduct may nevertheless render a case moot "if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal quotation marks omitted).

---

[7] Stephen F. Simon is sued in his official capacity as the Secretary of State. *See* (Compl. at 1). Bradley K. Anderson is sued in his official capacity as Senior State Program Administrator for the Elections Division of the Office of Secretary or State. *See* (*id.*); (Mem. in Supp. at 1 n.1). Gary Poser is sued in his official capacity as the "Deputy Secretary of State for Elections, who is the [Secretary of State's] chief election administrator." (Mem. in Supp. at 1 n.1). None of these individuals are affiliated with Olmstead County.

Even if Olmstead County's conduct could be imputed to Defendants, there is nothing to suggest that the alleged conduct is expected to recur. Wattleton is in possession of the forms that he requested in his Complaint. *See* (Exs., Attached to Meet-and-Confer Statement at 3–6); *see also* (Compl.); (Mem. in Supp. at 7–8); (Reply). Wattleton does not assert, for example, that Defendants would (or even could) confiscate the provided forms or in any other way deprive Wattleton access to the forms he received. Furthermore, given how Defendants responded to Wattleton once they were made aware of his request for the forms at issue, there is nothing to suggest that Wattleton would be unable to obtain these forms in the future, should the need arise. As a result, it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc.*, 528 U.S. at 189 (internal quotation marks omitted).

Furthermore, the exception whereby conduct is capable of repetition, yet evading review does not apply. "The capable of repetition yet evading review rule is an extraordinary and narrow exception to the mootness doctrine." *Randolph v. Rodgers*, 170 F.3d 850, 856 n.7 (8th Cir. 1999).

> Under this exception, a court may hear an otherwise moot case when (1) the challenged action is of too short a duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.

*Minn. Humane Soc'y*, 184 F.3d at 797. The circumstances of this case suggest that neither prong of this exception is satisfied. First, this or any other lawsuit premised on a denial of voter registration and absentee ballot forms is not of a character that will evade review. Importantly, it does not follow that because the instant case was mooted before review that subsequent or similar cases will evade review. *See Iowa Prot. & Advocacy Servs.*, 427 F.3d at 544 (stating the "case was mooted before [it] could be addressed. It does not follow, however, that similar future

8

cases will evade review" (internal quotation marks omitted)). In other words, under a different set of circumstances, a case involving a denial of voter registration and absentee ballot forms may be litigated fully. Many cases involving access to voter registration forms and absentee ballots for those in state custody have been litigated fully and even appealed to the Supreme Court. *See, e.g.*, *Goosby v. Osser*, 409 U.S. 512 (1973) (finding a complete prohibition for pretrial detainees from registering to vote and obtaining absentee ballots was unconstitutional and reversing and remanding lower court decisions to the contrary); *McDonald v. Bd. of Election Comm'rs*, 394 U.S. 802 (1969) (affirming summary judgment involving a constitutional challenge to the denial of absentee ballots to inmates). Second, as described above, there is no reasonable expectation that Wattleton will be subjected to the same action again. Wattleton is in possession of the forms that he requested at the outset of this litigation and there is nothing to suggest he would be deprived of these forms in the future. As a result, this mootness exception does not apply to this case.

The other exceptions are likewise not implicated here. There is neither "secondary or 'collateral' injuries [that] survive after resolution of the primary injury" nor the presence of "a properly certified class action suit." *Riley*, 310 F.3d at 1257. With respect to secondary or collateral injuries, this exception most often applies to habeas corpus petitions because collateral consequences are usually discussed in the context of a detention. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); *Camara v. Comfort*, 235 F. Supp. 2d 1174, 1176 (D. Colo. 2002) ("The primary injury alleged in the petition, however, was Petitioner's illegal detention, not the final order of removal to which he is subject. Since the conditions in the order of supervision flow, not

from Petitioner's illegal detention, but from the final order of removal, they are not collateral consequences of Petitioner's detention, and therefore cannot sustain the petition's justiciability under Article III.").

Nevertheless, reading this exception expansively, this Court cannot identify any concrete and continuing injury on which this suit can be maintained. Wattleton brought this action on the basis of being denied registration and absentee ballot forms. *See* (Compl.). As described elsewhere, he has received these forms and there is no other cognizable harm that may maintain this action—whether categorized as secondary or primary injuries. *See* (Exs., Attached to Meet-and-Confer Statement at 3–6); *see also* (Compl.); (Mem. in Supp. at 7–8); (Reply).

With respect to class certification, the Complaint on its face involves Wattleton as a pro se plaintiff and raises no class claims. *See* (Compl.).

Lastly, as described above, Wattleton's Reply raises new arguments not properly before the Court. Nevertheless, even if the allegations in Wattleton's Reply were incorporated into his Complaint, it would not alter this Court's mootness determination. Importantly, Wattleton's Reply does not allege facts that would suggest he attempted to register and was denied in that attempt. *See generally* (Reply). Instead, he raises speculative arguments as to whether he would be allowed to register in the future. *See* (*id.*). But speculative claims cannot overcome a finding of mootness. *See, e.g.*, *Spencer v. Kemna*, 91 F.3d 1114, 1117 (8th Cir. 1996) (finding plaintiff's claims "remain too speculative to overcome a finding of mootness"). Thus, there is no live case or controversy and any alleged new claims in Wattleton's Reply would be insufficient to overcome this Court's mootness determination. *See id.*

In sum, Wattleton's claims for relief are moot in light of Defendants actions and no exceptions to the mootness doctrine exist that allows the Court to hear this case. As a result, this Court recommends that Defendants' Motion to Dismiss be granted and this case be dismissed.

## III. RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Stephen F. Simon, Bradley K. Anderson, and State of Minnesota, Election Administrator of Secretary's Motion to Dismiss [Doc. No. 8] be **GRANTED**; and

2. This case be **DISMISSED without prejudice**.

Dated: July 13, 2017

      *s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).