UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID EARL WATTLETON,

    Plaintiff,

v.

STEPHEN F. SIMON, STATE OF
MINNESOTA, SECRETARY OF STATE,
BRADLEY K. ANDERSON, AND STATE
OF MINNESOTA, ELECTION
ADMINISTRATOR OF SECRETARY,

    Defendants.

Case No. 16-cv-2707 (JNE/SER)
ORDER

This matter is before the Court on the Report and Recommendation of the Honorable Steven E. Rau, United States Magistrate Judge, dated July 14, 2017, Dkt. No. 16, recommending the dismissal without prejudice of the action for lack of jurisdiction. No objections to the Report and Recommendation were filed, and the deadline for filing objections has passed.

Plaintiff David Earl Wattleton alleges that Defendants, "operating through the Olmsted County Elections Administrator" in April 2016, "violated his constitutional rights by failing to provide plaintiff with a voter registration form to cast an absentee ballot . . . without first confirming that there was an independent determination by a court of his mental capacity . . . and to certify his eligibility and proof of residency." Compl., Dkt. No. 1. He attached to his complaint a May 20, 2016, letter to him from an attorney for Olmsted County explaining that the County would not send him a voter registration form because "the County would not legally be able to accept it and process it" based on the County's determination that he was ineligible to vote there. Dkt. No. 2. His claims for relief are all prospective; he does not seek damages. *See* Compl. Neither Olmsted County nor any of its employees are sued in this action. Rather, Wattleton sues the Minnesota Secretary of State Stephen F. Simon and, although it is not entirely

clear from the Complaint's caption, at least one other Minnesota state administrator.[1] Defendants assert that after receiving notice of Wattleton's complaint, they sent Wattleton a letter enclosing copies of the voter registration forms he had requested and informed him that the State and Olmsted County act independently and have separate legal authority. *See* Defs.' Br. 7-8, Dkt. No. 10; *see also* Dkt. No. 10-1. Defendants also informed Wattleton that the forms he sought are publically available at the Secretary of State's Office locations and online. *See* Dkt. No. 10-1. The copies of the forms enclosed provide the relevant website address: http://www.mnvotes.org. *See id.* Defendants argue, and the Magistrate Judge concluded, that their provision of these forms and information to Wattleton mooted his complaint. The Court agrees with the Report and Recommendation's analysis and conclusion that to the extent Wattleton complains that Olmsted County or Defendants have refused and will continue to refuse to provide him copies of the forms, the case has been mooted.

Wattleton's complaint may also be construed as alleging that Defendants, "operating through the Olmsted County Elections Administrator, intends [*sic*] . . . to deprive plaintiff of the right as an eligible voter to cast an absentee ballot to vote in the federal primary and general election for president." Compl. ¶ 3. The Secretary of State has separate authority to consider registrations to vote and applications for absentee ballots. *See* Minn. Stat. §§ 201.061, subd. 1 ("A completed application may be submitted: (1) . . . by mail to the county auditor of that county *or* to the Secretary of State's Office") (emphasis added); 203B.04, subd. 1 ("For a federal, state, or county election, an absentee ballot application may alternatively be submitted electronically through a secure Web site that shall be maintained by the secretary of state for this purpose."). Wattleton has pleaded no facts suggesting how the Secretary of State *might* respond to an

---

[1] All defendants will be treated as having been sued in their official capacities. *See, e.g.*, *Remington v. Hoopes*, 611 F. App'x 883, 885 (8th Cir. 2015).

application that he *might* submit to the State. Apparently unlike Olmsted County, when Defendants learned of Wattleton's request for voting forms, they provided him copies and pointed him to where the forms are publicly available. Thus, to the extent his complaint alleges that Defendants, who act independently from Olmsted County in making voter registration and absentee ballot determinations, may deprive him of his right to vote, this question is hypothetical, speculative, and unripe for determination. *See Parrish v. Dayton*, 761 F.3d 873, 875-76 (8th Cir. 2014).[2]

Having reviewed the record *de novo*, the Court accepts the Report and Recommendation's recommendation for the reasons stated above.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss [Dkt. No. 8] is GRANTED.

2. Plaintiff David Earl Wattleton's Complaint [Dkt. No. 1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 10, 2017

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[2] The Court accepts the Report and Recommendation's analysis of Wattleton's new claims suggested in his opposition to the motion to dismiss. *See* Rep. & Rec. at 3, 5, 10.